**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

OLGA SELYSHCHEVA,

          Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 10-71160

Agency No. A099-718-974

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2014[**]
Pasadena, California

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON, Senior District Judge.[***]

    Olga Selyshcheva, a native and citizen of Ukraine, petitions for review of the

Board of Immigration Appeals' denial of her applications for asylum, withholding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable C. Roger Vinson, Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(1) and deny the petition for review.

Substantial evidence supports the Board's findings that petitioner and her family were not targeted on account of their religion. Rather, it was because petitioner's brother and their pastor were involved in the criminal investigation of a robbery and testified against a skinhead at the criminal trial, and because petitioner later investigated the persecutors' involvement in her brother's death. The fact that the persecutors referred to petitioner and her brother as "dirty Pentecostals or Russians" is insufficient to establish that either petitioner's religion or ethnicity was at least one central reason for the claimed persecution. *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009).

Furthermore, substantial evidence supports the Board's finding that the remaining incidents testified to by petitioner, the hand-shake and work incidents, show discrimination or harassment that did not rise to the level of persecution. Petitioner was not physically harmed or prevented from either practicing her religion or obtaining other employment. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003).

Finally, there is no evidence in the record that Pentecostal Christians in Ukraine are a disfavored group. *Wakkary v. Holder*, 558 F.3d 1049, 1052 (9th Cir.

2009) (defining disfavored group as a protected group in which many are mistreated and a substantial number are persecuted). Petitioner cites to country conditions reports that skinheads attack some groups. But, the reports do not mention Pentecostal Christians.

Because petitioner failed to establish eligibility for asylum, she necessarily failed to establish the higher burden required for withholding of removal. *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001). Nor has she come forward with evidence that it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to Ukraine. *Wakkary*, 555 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**